Auto Acceptance, Inc., Appellant, *v.* Allentown.

Submitted April 15, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*David G. Welty,* for appellant.

*Harry A. Kitey,* Assistant City Solicitor, for City of Allentown, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, August 6, 1968:

This is an appeal by plaintiff from the judgment of the lower Court entered pursuant to that Court's Order sustaining defendant's preliminary objections.

Plaintiff instituted an action against the City of Allentown seeking to recover $19,340.65, representing the cost and expenses of installing storm sewers on a tract of land owned by it which it intended to subdivide and develop. In order to subdivide its tract of land, plaintiff was required to obtain the approval of the Planning Commission, Ordinance No. 10470, as amended. As a condition to granting approval, plaintiff was required by the Commission to agree to install a storm sewer system beneath the streets located on its tract. Plaintiff agreed and its plans were approved. Plaintiff thereafter installed the storm sewer system. Subsequently plaintiff instituted the present action of assumpsit seeking to recover the cost of installing the

sewer system. Plaintiff's theory is that defendant had no authority to compel it to install storm sewers at its own expense, and when it agreed to do so it had mistakenly believed that defendant had authority to compel such installation, with the result that the City was unjustly enriched by plaintiff's aforesaid installation of the storm sewer system. Defendant filed various preliminary objections but only pursued the one, which is in the nature of a demurrer and was sustained by the lower Court.

Plaintiff's principal contention is that the pertinent Ordinance (No. 10470) on which defendant relies is invalid and unenforceable insofar as it compels a subdivider of land to install a *storm sewer* at its own expense as a condition for final approval. Plaintiff argues that the Act of August 6, 1963, P. L. 525, 53 P.S. §38201, which amended the Act of June 23, 1931, P. L. 932, §3201, as amended, changed the law *by limiting the construction of sewers to sanitary sewers.* We disagree.

Section 2930 of The Third Class City Code, Act of June 23, 1931, P. L. 932, §2930, 53 P.S. §37930, as amended, provides: "Every city may grade, pave, macadamize or otherwise improve any street or part thereof, and the sidewalks thereof when included as a part of the improvement, have the same set with curbstone, *and provide for the drainage thereof.*\* . . ." Furthermore, §2931 provides: "The costs and expenses of things done under section two thousand nine hundred and thirty of this act shall be paid, in whole or in part, by the city or by the owners of real estate bounding and abutting thereon, which cost and expense upon the abutting real estate shall be assessed according to the foot-front rule, or according to the benefits, as council shall, by ordinance, determine, . . ."

---

\* Italics, ours.

Ordinance 10470, as amended, supra, was authorized by the amended Third Class City Code, supra, and gives council in its discretion authority to impose on a land developer the cost of installing a storm sewer system. We need not and do not decide whether the doctrine of unjust enrichment exists in Pennsylvania; it will suffice to say that if it does, it would not be applicable in this case.

We have examined all of plaintiff's contentions and find them to be devoid of merit.

Judgment affirmed.

Mr. Justice COHEN and Mr. Justice ROBERTS concur in the result.